*REELS vs. KNIGHT.*

APPEAL from the court of the fifth district, the judge of the district presiding.

PORTER, J. delivered the opinion of the court. This is an action by one of the *forced* heirs of C. Horner, against her brother the defendant, to set aside a conveyance made to him by their mother, a short time previous to her decease. The cause was submitted to a jury in the court of the first instance, who found a verdict, by which they declared the conveyance to be fraudulent. No application was made for a new trial, the court confirmed the verdict by its judgment, and the defendant appealed.

On the trial, the plaintiff offered evidence of the acts of the defendant subsequent to the sale, to shew the fraudulent intent of the contract between him and his mother. This testimony was objected to, on the ground, that the character of the sale must be ascertained by the intentions of the parties, coupled with their acts, at the time it was entered into, and not by what took place afterwards. The

West'n. District.
*Sept'r.* 1829.

REELS
*vs.*
KNIGHT.

The *acts* of a party subsequent to a sale, may be given in evidence to shew that such sale was fraudulent.

When the enquiry *is*, whether a sale was *bona fide* or not, the whole conduct of the party whose acts are assailed, *before* and *after*, as well as at the *time* the contract was made, may be enquired into.

judge received the proof, and, in our opinion, correctly. A sale, *bona fide* in itself, at the period it was made, could not, it is true, become void by fraudulent conduct in the parties to it afterwards. But, when the enquiry is, whether it was *bona fide* or not, the whole conduct of the party before, and after, as well as at the time the contract was entered into, may be properly enquired into, for the purpose of ascertaining its true character. Express evidence of fraud can be rarely given. It has to be gathered from a variety of circumstances, and the detection of it would be greatly impeded, by such a limitation, as the defendant contends for.

We have looked into the evidence, and see nothing in it which could authorise us to set aside the verdict of a jury.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Brownson* for the plaintiff, *Plaisted* for the defendant.